IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:04cr109 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| MELANIE RHOADS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

June 28, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Weekend Furlough ("the Motion") (doc. 27) filed by the defendant Melanie Rhoads ("Defendant" or "Rhoads") on June 14, 2005. For the reasons that follow, we will deny the Motion. We will however, as suggested by the Government, order that reasonable contact visitation be permitted between Rhoads and her family.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On or about March 19, 2004, Rhoads entered into a plea agreement with the United States in which she waived indictment by a grand jury and agreed to plead guilty to a felony information charging her with a violation of 21 U.S.C. § 846, conspiracy and knowing and intentional possession with the intent to distribute and

1

distribution of controlled substances.  On April 28, 2004, Rhoads pled guilty to Count One of the Information charging her with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine.

On June 14, 2005, Rhoads filed the instant Motion.  On June 27, 2005, the Government filed a brief in opposition to the Motion.

## DISCUSSION:

In the Motion, defense counsel asserts that Rhoads has been cooperating with the Government by providing substantial assistance in accordance with her plea agreement.  Moreover, defense counsel points out that Rhoads' sentencing has been held in abeyance since March 19, 2004 due to the fact that her testimony has been necessary at preliminary hearings, grand jury proceedings, and trials.  (Mot. for Weekend Furlough at ¶¶ 4-5).  Defendant argues that she is housed at the Clinton County Prison which does not permit contact visits.  Defendant has therefore not been able to have contact visits with her young daughter and her parents since her initial incarceration.  Id. at ¶¶ 6-7.

In addition, the Motion alleges that Defendant's mother was recently diagnosed with inoperable brain cancer and her visits at the prison are extremely burdensome on the family and difficult based upon the lack of physical contact at

the prison. Id. at ¶ 8. "But for her cooperation with the Government, the Defendant would have been sentenced long ago and would be now housed in a prison that likely permits contact visitation." Id. at ¶ 9.  Defendant therefore requests a 3-day furlough in which she can be permitted to reside at her parents' home and have contact visits with her daughter and parents and after said visitation, report either back to the United States Marshals Service or directly back to the Clinton County Prison.

18 U.S.C. § 3143 addresses the release or detention of a defendant pending sentence or appeal and provides, in pertinent part, the following:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), of (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Rhoads has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C), as the Court accepted Rhoad's guilty plea to a violation of 21 U.S.C. § 846.  18 U.S.C. § 3142(f)(1)(C) addresses offenses "for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 *et seq.*)." 18 U.S.C. § 3142(f)(1)(C). As the two exceptions delineated above concerning motions for acquittal and Governmental attorneys recommending no sentence of imprisonment, are not applicable to the case <u>sub judice</u>, pursuant to 18 U.S.C. § 3143(a)(2), the Court shall order Rhoads, who is awaiting the imposition of her sentence, detained. <u>See</u> 18 U.S.C. § 3143(a)(2).

While the Court is sympathetic to defense counsel's recitation of the recent diagnosis of Defendant's mother, we note that as the Government submits, no documentation has been provided in the form of medical records or other submissions in support thereof. Although we are bound by the mandatory statutory language requiring the detainment of the Defendant, who is awaiting the imposition of her sentence, we are in agreement with the Government's recommendation. Thus, the Court will recommend that the Defendant be permitted to have contact visitation with her family members for a reasonable period of time at the Clinton County Prison, pursuant to the supervision of the correctional staff.

Accordingly, Defendant's Motion for Weekend Furlough is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion for Weekend Furlough (doc. 27) is DENIED.

2. It is ORDERED that the Defendant be permitted to have contact visitation for reasonable periods of time with her family members at the Clinton County Prison, pursuant to the supervision of the correctional staff.

s/ John E. Jones III  
John E. Jones III  
United States District Judge